# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00153-CR

**Cindy Ann Mendoza, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
NO. CR-98-0372, HONORABLE JACK ROBISON, JUDGE PRESIDING**

---

A jury found appellant Cindy Ann Mendoza guilty of murder and assessed punishment at imprisonment for life and a $10,000 fine. *See* Tex. Penal Code Ann. § 19.02 (West 1994). Appellant brings forward five points complaining of error during jury selection, in the admission and exclusion of evidence, and in the jury charge. We will overrule these contentions and affirm the conviction.

Appellant, her fiancee Joe Martinez, and her seven-year-old son lived with Castulo Martinez, Joe's father. Appellant and Joe returned home about 9:00 p.m. on October 10, 1998, after spending the day drinking beer and tequila with a friend. Appellant and Castulo argued. Later, under circumstances not entirely clear from the record, appellant fatally stabbed Castulo Martinez, took his wallet, and fled. Appellant was tried for capital murder and convicted of the lesser included offense. The sufficiency of the evidence is not in dispute.

In point of error five, appellant contends the court erroneously admitted "prosecution-manufactured evidence to improperly impeach a witness." Joe Martinez testified as a State witness. During his testimony, Martinez acknowledged that he still had "very strong . . . feelings" for appellant, and that he had in fact married her two months after the murder. The prosecutor then showed Martinez State's exhibit 55, which contained enlarged quotations taken from recorded telephone conversations between Martinez and appellant. Martinez said he recognized the statements as his.[1] The State then offered the exhibit in evidence. Appellant objected that this was not proper impeachment; that the prosecutor should read each quoted passage and ask the witness whether he made the statement. Appellant also objected to the exhibit itself, on the ground that it was cumulative of the witness's testimony. These objections were overruled. The prosecutor then read the statements contained in the exhibit, each of which Martinez acknowledged making.

Appellant does not complain of the prosecutor reading the statements to Martinez, or of having Martinez admit before the jury that he made the statements. Instead, appellant complains only of the admission of the exhibit containing the enlargement of the statements. Appellant contends that the admission of the exhibit violated evidence rule 613(b) because Martinez admitted having a bias in favor of appellant. *See* Tex. R. Evid. 613(b) (examining witness concerning bias or interest). In appellant's view, exhibit 55 was extrinsic evidence showing an admitted bias. *See id.* Whatever the merits of this argument, it was not made to the district court and therefore not preserved for appeal. Tex. R. Evid. 33.1(a); Tex. R. Evid. 103(a). Further, we are satisfied that any

---

[1] The statements were supportive of appellant. Martinez indicated that he was trying to raise money for appellant's bail. He also told her, "[Y]ou need to face what you did . . . [but] God being with us, we can lower that sentence . . . ."

2

error in the admission of exhibit 55 was harmless under the circumstances. *See* Tex. R. App. P. 44.2(b). Point of error five is overruled.

Next, appellant contends the court erred by admitting extraneous misconduct testimony by a witness who could not identify appellant. Saletus Smith testified that he and his girlfriend encountered a drunken woman outside their apartment on the night of October 10, 1998.[2] Smith testified that the woman was extremely intoxicated, accused him of stealing her food stamp card, and threatened to shoot him. Smith and his girlfriend managed to get away from the woman, and called the police from a nearby store. At the conclusion of Smith's testimony, to which appellant voiced no objection, the witness was asked if the woman he encountered on October 10 was present in the courtroom. Smith said he could not make a positive identification. The prosecutor then asked Smith if anyone in the courtroom "looks similar" to the woman. Appellant voiced her only objection at this point: "That's an improper question, whether or not he can identify her or not. He's already answered the question." The objection was overruled. The question was repeated and Smith answered, "I couldn't tell."

Appellant argues that the court should not have permitted testimony regarding extraneous misconduct that could not be affirmatively linked to her. This objection was not made to the district court. *See* Tex. R. App. P. 33.1(a). In any event, the next witness for the State was the police officer who responded to Smith's call. The officer positively identified appellant as the person

---

[2] The record reflects that this encounter took place about forty-five minutes after the victim was stabbed.

he arrested at Smith's apartment complex after Smith identified her at the scene as the woman who threatened him. Point of error four is overruled.

In point of error one, appellant contends the district court erred by prohibiting her from impeaching a State witness, San Marcos police officer Dan Misiaszek. During cross-examination by defense counsel, Misiaszek was asked if he ever told appellant she would "get the needle" if she did not confess. The officer replied that he never personally spoke to appellant. Later, during her own testimony, appellant told the jury that a detective who "looked like the same guy that was up here the other day, but except his hair was combed different" spoke to her while she was in jail. The State's objection to the relevance of this conversation was sustained, and appellant was not permitted to tell the jury that this detective said "he knew what happened and that I better say the truth and tell them that Joe was in it with me because if not I was going to life or death penalty no matter what I said, and that he knew I did it, and that he knew why, and he scared me."

In the trial court, appellant urged that the excluded statement was admissible under evidence rule 613(a), which permits impeachment by proof of a prior inconsistent statement. Tex. R. Evid. 613(a). Appellant does not now contend that her proffered testimony was a prior inconsistent statement by the detective. Instead, she argues on appeal that the district court's ruling infringed on her constitutional right to confront the witnesses through cross-examination. U.S. Const. amend. VI; Tex. Const. art. I, § 10; *see Davis v. Alaska*, 415 U.S. 308, 315 (1974); *Rankin v. State*, 41 S.W.3d 335, 344 (Tex. App.—Fort Worth 2001, no pet. hist.).

The contention appellant now advances does not comport with her trial objection. Tex. R. App. P. 33.1(a). Moreover, her argument to this Court does not comport with the ruling of

4

which she complains. The district court's ruling excluded appellant's own testimony; the court did not limit her cross-examination of Officer Misiaszek. In fact, appellant does not refer us to any limitation placed on her cross-examination of the officer. Finally, we note that appellant was permitted to testify that a detective who "looked like [him]" talked to her, thereby impeaching the officer's testimony denying such a conversation. No reversible error is presented and point of error one is overruled.

In point of error three, appellant complains that the reporter's record does not indicate the name of several venire members who made statements during voir dire. Appellant contends that the prosecutor should have indicated the name of each venire member with whom he spoke. Appellant complains that without the names, it is impossible to determine if the panelists who indicated that they could not follow the law were in fact struck from the jury. She concedes that there is no authority supporting her contention.

After both attorneys completed their questioning of the panel, the State challenged six panelists by name. Appellant agreed to four of the challenges, which were immediately granted. The two other panelists challenged by the State were questioned individually and the challenges were then granted. Appellant voiced no objection and does not now contend that any of the State's challenges were erroneously granted. Appellant also challenged three panelists. Two of these challenges were granted, and the other panelist did not serve on the jury because he was outside the strike zone.

The record reflects that appellant had a full and fair opportunity both to challenge panelists and to object to the State's challenges. The failure to record the names of panelists as they

5

spoke to the attorneys during voir dire of the panel has not been shown to have harmed appellant. Point of error three is overruled.

Finally, appellant contends the court's jury charge "omitted the proper standard of proof applicable to the affirmative defense of self-defense." Appellant urges that the court should have instructed the jury that she had to prove the existence of the affirmative defense by a preponderance of the evidence. *See* Tex. Penal Code Ann. § 2.04(d) (West 1994).

This point of error is premised on a mistaken understanding of the applicable law. Self-defense is a justification. *Id*. § 9.31(a) (West Supp. 2001). Justification is a defense, not an affirmative defense. *Id*. § 9.02 (West 1994). If the existence of a defense is submitted to the jury, the court must charge that a reasonable doubt on the issue requires that the defendant be acquitted. *Id*. § 2.03(d). The district court's jury charge in this cause properly placed the burden on the State to prove beyond a reasonable doubt that appellant did not act in self-defense when she stabbed the victim. Point of error two is overruled.

The judgment of conviction is affirmed.

_____

Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Affirmed

Filed: August 30, 2001

Do Not Publish

6